IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 09-cv-02986-REB-BNB

LUCRECIA CARPIO HOLMES,

    Plaintiff,

v.

COLORADO COALITION FOR THE HOMELESS LONG TERM DISABILITY PLAN,

    Defendant.

## ORDER SETTING ASIDE DEFAULT JUDGMENT

**Blackburn, J**

    This matter is before me on the defendant's **Motion to Set Aside Default Judgment and Brief in Support** [#3][1], filed December 30, 2009. The plaintiff did not file a response. Based on the plaintiff's lack of response to the motion, I conclude that the defendant's averments of fact in the motion, as supported by a sworn declaration, have been confessed by the plaintiff, or in the alterative, have established as a matter of fact. I grant the motion.

    This case was filed originally in state court. In state court, the plaintiff filed a return of service reflecting service of process on the defendant. Based, in part, on that return of service, the plaintiff ultimately was granted a default judgment by the state court. When the defendant first learned of this lawsuit, after the default judgment was granted, the defendant removed the case to this court. *Motion to set aside* [#3], Exhibit

---

[1] "[#3]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

A (Deines Declaration). The defendant did not receive notice of this lawsuit via the plaintiff's purported service of process on the defendant.

The defendant is an employee welfare benefit plan. Under the substituted service provision of 29 U.S.C. § 1132(d)(1), an employee welfare benefit plan may be served with process by serving the United States Department of Labor if the plan's summary plan description does not identify an agent for service of legal process. The plaintiff attempted to serve the defendant in this case by serving the United States Department of Labor. *Notice of Removal* [#1], Exhibit A-6 (Affidavit of Process Server), CM/ECF p. 21. The defendant's summary plan description provides the name, address, and contact information for the plan's registered agent for service of process. *Motion to set aside* [#3], Exhibit A (Deines Declaration), ¶¶ 6 - 7. Given this fact, 29 U.S.C. § 1132(d)(1) is not applicable to the defendant, and thus, the plaintiff's attempt to serve the defendant under the provisions of 29 U.S.C. § 1132(d)(1) was neither proper nor legally effective. Absent proper service on the defendant, entry of default and entry of default judgment are not proper.

A default judgment may be set aside under FED. R. CIV. P. 60(b). FED. R. CIV. P. 55(c). The grounds on which a judgment may be set aside under FED. R. CIV. P. 60(b) include mistake, inadvertence, surprise, or excusable neglect, of if the judgment is void. At a minimum, the entry of default judgment against the defendant, even though the defendant never was served properly with a summons and the complaint, constitutes a mistake. Further, any judgment entered in this circumstance is void because it was entered without compliance with one of the fundamental requirements of due process, notice to the defendant in the form of valid service of process. I grant the defendant's

motion to set aside the default judgment in this case.

**THEREFORE IT IS ORDERED** as follows:

1. That the defendant's **Motion to Set Aside Default Judgment and Brief in Support** [# 3], filed December 30, 2009, is **GRANTED**;

2. That under FED. R. CIV. P. 60(b), the **Judgment** entered in this case by the District Court, City and County of Denver, State of Colorado, Case Number 08 CV 3376, on December 23, 2009, filed in this case as Exhibit A-10 to the defendant's **Notice of Removal** [#1], is **SET ASIDE**.

Dated September 20 2010, at Denver, Colorado.

**BY THE COURT:**

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge