IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-02986-REB-BNB

LUCRECIA CARPIO HOLMES,

Plaintiff,

v.

COLORADO COALITION FOR THE HOMELESS LONG TERM DISABILITY PLAN,

Defendant.
_____

**ORDER**
_____

This matter arises on the **Plaintiff's Motion to Stay Any Decision on the Administrative Record, To Open Limited Discovery, and If Necessary, To Set the Case for Trial Regarding Any Material Issues of Disputed Fact** [Doc. # 27, filed 6/9/2011] (the "Motion"). I held a hearing on the Motion this morning and made rulings on the record, which are incorporated here. The Motion is DENIED.

The plaintiff claims to need discovery to determine "which document or set of documents actually constitutes the Plan in this case." Motion [Doc. # 27] at p. 3. She claims that the need to identify the plan first became apparent following the Supreme Court's decision in CIGNA Corp. v. Amara, __ U.S. __, 131 S. Ct. 1866 (2011). In Amara, the Court held:

> [W]e conclude that the summary documents, important as they are, provide communication with beneficiaries *about* the plan, but that their statements do not themselves constitute the *terms* of the plan for purposes of § 502(a)(1)(B).

Id. Until that ruling, the plaintiff argues, parties simply relied on the provisions of summary plan documents as providing the "terms" of the plan. At the hearing on the Motion, plaintiff's counsel claimed to have no idea what constitutes the applicable plan.

I entered a Scheduling Order [Doc. # 7] on March 10, 2010. The Scheduling Order required that the administrative record be provided by May 17, 2010; set May 31, 2019, as the deadline for filing motions to seek discovery; and required that motions to supplement the administrative record be submitted by July 30, 2010. Id. at p. 4.

The administrative record was received on May 18, 2010. Administrative Record [Doc. # 11] (hereafter "Admin. R."). It includes, as the first document, the Group Long Term Disability Insurance Policy, No. G4048742, issued by Fortis Benefits Insurance Company to the Colorado Coalition for the Homeless. Admin. R. at US000001-36.

A review of the Administrative Record shows that in its letter denying benefits dated May 27, 2005, the defendant relied on Fortis Policy No. G4048742, stating:

> This letter shall serve as notification of our denial of your long-term disability claim. In order to receive benefits under policy number 4048742, you must meet the contractual definition of disability and satisfy all relevant policy provisions.

Admin. R. at US001337-40. In addition, the letter denying benefits quoted the "Occupational Test" for establishing a disability, see Admin. R. at US001337, which is taken directly from the terms of the Fortis Policy No. G4048742. Admin. R. at US000008.

On September 29, 2010, the defendant submitted its Brief on the Administrative Record [Doc. # 16] (the "Defendant's Brief"). In Defendant's Brief, the Fortis Policy No. G4048742 is

identified as the plan.[1]  The Defendant's Brief repeatedly relies on the provisions of the Fortis Policy No. G4048742 as constituting the plan.  See, e.g., Defendant' Brief at ¶5 (quoting the "Authority" provision of the Fortis Policy No. G4048742, found at Admin. R. US001376); and at ¶6 (quoting the "Review Procedure" provision of the Fortis Policy No. G4048742, found at Admin. R. US001377).

The Motion is, at its base, a request to amend the Scheduling Order to take discovery and, if necessary based on that discovery, to supplement the administrative record.  A scheduling order may be amended only upon a showing of good cause.  Fed. R. Civ. P. 16(b)(4).  In this regard:

> Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.  Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. . . .  Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

Colorado Visionary Academy v. Medtronic, Inc., 194 F.R.D. 684, 687 (D. Colo. 2000)(internal quotation and citation omitted).

I find that the plaintiff knew or in the exercise of reasonable diligence should have known by shortly after the filing of the administrative record that the defendant was asserting that the Fortis Policy No. G4048742 was the plan.  If the plaintiff had any doubts about what constituted the plan, its authenticity, whether it was properly adopted, and the like, she could and in the exercise of reasonable diligence should have sought leave to conducted discovery on the

---

[1] Another copy of the Fortis Policy No. G4048742 is contained in the administrative record at US001349-84.  The defendant cited to this copy of the Policy as constituting the plan.  Defendant' Brief [Doc. # 16] at ¶¶4-6.

issue within the time allowed by the Scheduling Order.

To the extent that there was any previous doubt, the defendant made clear its position that the Fortis Policy No. G4048742 constitutes the plan in the Defendant's Brief [Doc. # 16] filed on September 29, 2010. If the plaintiff did not agree with that assertion, some prompt action was required.

The plaintiff did not file the Motion until June 9, 2011. I find that it was unreasonable, and demonstrates a lack of diligence, for the plaintiff to wait 11 months from the filing of the administrative record and more than eight months from the filing of the Defendant's Brief to seek discovery on the issue of what constitutes the plan.

IT IS ORDERED that the Motion [Doc. # 27] is DENIED.

Dated June 29, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge